IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-128-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRATINIANO CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

On June 2, 2008, pursuant to a written plea agreement, Gratiniano Castillo ("Castillo") pleaded guilty to conspiracy to posses with the intent to distribute and distribute five kilograms or more of cocaine. See [D.E. 59, 60, 105]. On November 6, 2008, the court held Castillo's sentencing hearing. See [D.E. 82, 86, 106]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Castillo's objections to the PSR. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 106] 7–87. The court calculated Castillo's total offense level to be 42, his criminal history category to be I, and his advisory guideline range to be 360 months' to life imprisonment. See Sentencing Tr. at 87. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Castillo to 480 months' imprisonment. See id. at 92–98. Castillo appealed. On August 16, 2010, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Castillo, 450 F. App'x 231, 232–34 (4th Cir. 2010) (per curiam) (unpublished).

On February 29, 2016, Castillo moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 152]. Castillo's new advisory guideline range is 292 to 365 months' imprisonment, based on a total offense level of 40 and a criminal history category of I. See Resentencing Report. Castillo requests a 341-month sentence. See id.; [D.E. 152]. On May 4, 2016, the government responded. See [D.E. 154].

The court has discretion under Amendment 782 to reduce Castillo's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Castillo's sentence, the court finds that Castillo was a leader in serious criminal behavior involving a very large quantity of illegal narcotics. See PSR ¶¶ 5–11; Sentencing Tr. at 7–87. Castillo also attempted to obstruct justice during the investigation of his criminal behavior. See Sentencing Tr. at 80–81; PSR ¶ 11. Moreover, Castillo is a recidivist and has a conviction for possession of a controlled substance, cocaine, less than 28 grams. See PSR ¶ 13. Furthermore, Castillo has virtually no work history. See id. ¶¶ 24–38. Nonetheless, Castillo has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Castillo received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Castillo's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Castillo's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza,

138 S. Ct. at 163–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Castillo's motion for reduction of sentence [D.E. 152].

SO ORDERED. This 20 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge

3