IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-128-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GRATINIANO CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

On October 21, 2024, Gratiniano Castillo ("Castillo" or "defendant") moved (again) for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 203]. Cf. [D.E. 183, 196]. Castillo contends that he should receive compassionate release based on U.S.S.G. § 1B1.13(b), his unusually long sentence, his medical conditions, the court's failure to let him withdraw his guilty plea, and his ICE detainer. See id. at 2–15. On June 12, 2026, the United States responded in opposition [D.E. 212]. Although the court gave Castillo until July 10, 2026, to reply [D.E. 214], Castillo did not reply. As explained below, in light of the record, Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct. 1292 (2026), the court denies Castillo's motion for compassionate release.

I.

On June 2, 2008, with a written plea agreement, Castillo pleaded guilty to conspiracy to distribute five kilograms or more of cocaine. See [D.E. 59, 60, 82, 105]. On November 6, 2008, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent'g Tr. [D.E. 106] 8; Fed. R. Crim. P. 32(i)(3)(A)–(B). After resolving Castillo's objections, the court calculated Castillo's total offense level to be 42, his criminal

history category to be I, and his advisory guideline range to be 360 months' to life imprisonment. See Sent'g Tr. 7–87. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Castillo to 480 months' imprisonment. See id. at 87–95. On November 13, 2008, Castillo appealed [D.E. 84]. On August 16, 2010, the Fourth Circuit affirmed Castillo's conviction, enforced the appellate waiver in his plea agreement, and dismissed the appeal about his sentence. See [D.E. 112] 6; [D.E. 113, 114]; United States v. Castillo, 450 F. App'x 231, 234 (4th Cir. 2010) (per curiam) (unpublished).

On December 15, 2011, Castillo moved to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 115]. On January 26, 2012, the United States moved to dismiss Castillo's motion and filed a memorandum in support. See [D.E. 118, 119]. On September 27, 2012, the court granted the government's motion to dismiss and dismissed Castillo's motion to vacate. See [D.E. 123, 124]; Castillo v. United States, No. 7:07-CR-128, 2012 WL 12996169, at *2 (E.D.N.C. Sept. 27, 2012) (unpublished). On November 5, 2012, Castillo appealed. See [D.E. 125]. On January 7, 2013, the Fourth Circuit dismissed Castillo's appeal. See [D.E. 128, 129].

On January 2, 2014, Castillo moved to vacate his conviction under Federal Rule of Civil Procedure 60(b)(3). See [D.E. 130] 1. On March 14, 2014, the court dismissed Catillo's motion. See [D.E. 132]. On April 4, 2014, Castillo appealed. See [D.E. 134]. On September 29, 2014, the Fourth Circuit denied Castillo's motion to file a successive section 2255 motion. See [D.E. 143, 144, 145]; United States v. Castillo, 583 F. App'x 272, 273 (4th Cir. 2014) (per curiam) (unpublished).

On February 29, 2016, Castillo moved through counsel to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. See [D.E. 152] 1. On July 20, 2018, the court denied Castillo's motion. See [D.E. 155].

On February 9, 2021, Castillo moved again pro se to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. See [D.E. 170] 1. On April 29, 2021, the court denied Castillo's motion. See [D.E. 171].

On August 29, 2023, Castillo moved for compassionate release. See [D.E. 183]. On August 20, 2024, the court denied Castillo's motion for compassionate release. See [D.E. 196].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based

on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. <u>See</u> <u>United States v. Muhammad</u>, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. <u>See</u> <u>United States v. Washington</u>, 161 F.4th 816, 818 (4th Cir. 2025); <u>Hargrove</u>, 30 F.4th at 194–95; <u>High</u>, 997 F.3d at 186; <u>Kibble</u>, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." <u>Rutherford</u>, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." <u>Id.</u> (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." <u>Id.</u> (quotations omitted); <u>see</u> <u>also</u> <u>Fernandez</u>, 146 S. Ct. at 1307. "That is a demanding standard." <u>Fernandez</u>, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. <u>See</u> U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually

4

long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

### III.

Castillo's 480-month sentence is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). See Rutherford, 146 S. Ct. at 1330 (characterizing disparities in sentences among defendants sentenced at different times and under different statutes as "unexceptional feature[s] of a system in which nonretroactivity is the default"); cf. United States v. Johnson, __ S. Ct. __, 2026 WL 1640930, at *1 (2026) (vacating and remanding, in light of Rutherford and Fernandez, United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), which held that a district court could consider the disparity between a defendant's sentence and the sentences of his codefendants who pleaded guilty and cooperated under the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5)). In Rutherford, the Supreme Court held that before examining the section 3553(a) factors in connection with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer extraordinary and compelling reasons that 'warrant'

compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

As for Castillo's argument about the court not allowing him to withdraw his guilty plea, the proper vehicle to correct a sentence for that reason is a motion under section 2255, not a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See Fernandez, 146 S. Ct. at 1303–07. Notably, in Fernandez, the Supreme Court rejected the defendant's argument that "the ability to bring a merits-based challenge under [section] 3582 mitigates the error and the unfairness of the prisoner's not having been able to bring it under [section] 2255." Id. at 1302 (cleaned up). This principle applies when a defendant, like Castillo, asserts that some alleged legal defect in the underlying criminal proceeding would likely result in a shorter sentence, because section 2255(f)'s "tight procedural constraints" generally would prohibit such a claim from being brought under 28 U.S.C. § 2255. Id. at 1300; see id. at 1303 ("A reason is not 'compelling' if Congress has channeled it through the postconviction statutes."); 28 U.S.C. § 2255(f)(1)–(4). In Fernandez, the Supreme Court also explained that the compassionate release statute's "focus on granting mercy rather than righting legal wrongs," and the Bureau of Prison's "institutional expertise" concerning "the daily lives of prisoners" and not "evaluat[ing] legal arguments" supported its conclusion that doubt about a defendant's conviction is not an extraordinary and compelling reason for compassionate release. 146 S. Ct. at 1303–05. Thus, Castillo's argument about the court's refusal to let him withdraw his guilty plea is not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b)(6).

As for the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5), Castillo did not make an argument under U.S.S.G. § 1B1.13(b)(5) and thereby forfeited any such argument. See, e.g., Hamer v. Neighborhood Hous. Servs. of Chi., 583 U.S. 17, 20 n.1 (2017). Even if Castillo did not forfeit any argument under section 1B1.13(b)(5), "other reasons" do not support reducing Castillo's sentence. An other reason under section 1B1.13(b)(5) must be "similar in gravity" to the enumerated reasons in section 1B1.13(b)(1)–(4). U.S.S.G. § 1B1.13(b)(5). But, as explained in Rutherford and Fernandez, Castillo's cited reasons (i.e., the length of his sentence and his inability to withdraw his guilty plea) are not extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13(b)(5) cannot make extraordinary and compelling what the Supreme Court has held is "an unexceptional feature of a system in which nonretroactivity is the default." Rutherford, 146 S. Ct. at 1330. Stated differently, a prisoner cannot use the portion of U.S.S.G. § 1B1.13(b)(6) that the Supreme Court invalidated in Rutherford to obtain relief under U.S.S.G. § 1B1.13(b)(5). See id.

In reaching these conclusions, the court notes that the Sentencing Commission updated section 1B1.13 after the First Step Act, and the amendments became effective on November 1, 2023. See U.S. Sent'g Comm'n, Submission of 2023 Amendments to Congress (May 2023), [https://perma.cc/T9TE-QLR6]; U.S.S.G § 1B1.13(b). The court again has considered Castillo's arguments about his medical conditions and his ICE detainer. As discussed in this court's order of August 20, 2024, those facts are not extraordinary and compelling reasons for compassionate release. See [D.E. 196] 7–9; see also [D.E. 212] 4–7. Moreover, to the extent Castillo relies on rehabilitation, Castillo's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

On this record, Castillo has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Castillo's motion for compassionate release.

Alternatively, even if Castillo demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Castillo's motion for the reasons stated in this court's order of August 20, 2024. See [D.E. 196] 9–10; Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. In reaching this conclusion, the court has considered the entire record, the section 3553(a) factors, Castillo's arguments, and the government's persuasive response. The court also has considered the need to punish Castillo for his serious criminal behavior, to incapacitate Castillo, to promote respect for the law, to deter others, and to protect society from Castillo. Given the entire record, the court denies Castillo's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion v. United States, 597 U.S. 481, 498–50 (2022); Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

8

## IV.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 203].

SO ORDERED. This 13 day of July, 2026.

JAMES C. DEVER III
United States District Judge

9